MICHELE BECKWITH
Acting United States Attorney
ALSTYN BENNETT
ALEXIS KLEIN
JASON HITT
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-CR-00164 TLN |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| MICHAEL WILLIAM HUTCHINSON III, JOSE MIGUEL HERNANDEZ JR., MULAN PRECIOUS KEOPHIMANH, JOHNNY BOBBY TRUONG, GUADALUPE MANUEL CERVANTES, aka "Pep" and TANYA DUERELLE LAWSON, | DATE: March 20, 2025<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |
| Defendants. | |

**STIPULATION**

1. By previous order, this matter was set for status conference on March 20, 2025. ECF 83.

2. By this stipulation, the parties now move to continue the status conference until May 29, 2025, and to exclude time between March 20, 2025, and May 29, 2025, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) Discovery associated with this case and produced to date includes reports, photographs, audio and video, and voluminous Title III wire and electronic intercepts, which has been either produced directly to counsel and/or made available for inspection and copying.

///

b)  On January 7, 2025, counsel for defendant Jose Miguel Hernandez, Jr. moved to withdraw due to resignation from the CJA panel. On January 8, the Court substituted attorney Kellan Patterson as to defendant Hernandez. ECF 80, 81.

c)  Counsel for defendants desire additional time to consult with their respective clients, review the current charges, conduct investigation and research related to the charges, to review and copy discovery for this matter, and to otherwise prepare for trial. Counsel for the defendants believe that the failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)  The government does not object to the continuance.

e)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 20, 2025 to and including May 29, 2025, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

///
///
///
///

Dated:  March 17, 2025  MICHELE BECKWITH
Acting United States Attorney

/s/ ALSTYN BENNETT
ALSTYN BENNETT
Assistant United States Attorney

Dated:  March 17, 2025  By:  /s/  CHRISTOPHER COSCA
CHRISTOPHER COSCA
Counsel for Defendant
MICHAEL WILLIAM HUTCHINSON, III

Dated:  March 17, 2025  By:  /s/  KELLAN PATTERSON
KELLAN PATTERSON
Counsel for Defendant
JOSE MIGUEL HERNANDEZ, JR.

Dated:  March 17, 2025  By:  /s/  SHARI RUSK
SHARI RUSK
Counsel for Defendant
MULAN PRECIOUS KEOPHIMANH

Dated:  March 17, 2025  By:  /s/  TAMARA SOLOMAN
TAMARA SOLOMAN
Counsel for Defendant
JOHNNY BOBBY TRUONG

Dated:  March 17, 2025  By:  /s/  PHILIP COZENS
PHILIP COZENS
Counsel for Defendant
GUADALUPE MANUEL CERVANTES

Dated:  March 17, 2025  By:  /s/  JOHN MANNING
JOHN MANNING
Counsel for Defendant
TANYA DUERELLE LAWSON

**ORDER**

The Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The Court vacates the March 20, 2025, status conference and resets the matter for a status conference on May 29, 2025, at 9:30 a.m. The Court also finds that based on the facts set forth in the parties' stipulation, the failure to exclude time between March 20, 2025 and May 29, 2025, would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court further finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. Time from March 20, 2025, up to and including May 29, 2025, is excluded from the computation of time within which the trial of this case must commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), and Local Code T-4.

IT IS SO FOUND AND ORDERED this 17th day of March, 2025.

_____
Troy L. Nunley
Chief United States District Judge